UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
MARKO KAUZLJAR

           Plaintiff

-against-               CIVIL ACTION NO.:

JEREMIAH WINTER, Individually
MYRON RODRIGUEZ, Individually
CITY OF NEW YORK

           Defendants
------------------------------------------------X

## JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and supplemental jurisdiction under 28 U.S.C. § 1367.

## JURY TRIAL DEMANDED

Plaintiff, Marko Kauzljar by his undersigned attorneys, for his complaint against defendants states:

1. At all relevant times, plaintiff Marko Kauzljar was and is a resident of the State of New York, County of Rockland.

2. Upon information and belief, defendant Jeremiah Winter is and at all times relevant herein was a resident of the State of New York County of Queens.

3. Upon information and belief, defendant Myron Rodriguez is and at all times relevant herein was a resident of the State of New York County of Queens.

4. The City of New York is and at all times relevant herein was a municipal corporation existing under and by virtue of the laws of the State of New York.

5. At all times relevant herein, the City of New York, operated a municipal police department known as the New York City Police Department.

## FIRST CAUSE OF ACTION

42 U.S. C. 1983

6. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

7. On July 17, 2011, Jeremiah Winter was an employee of the City of New York and the New York City Police Department, and was acting in the course and scope of his employment.

8. On July 17, 2011, Myron Rodriguez was an employee of the City of New York and the New York City Police Department, and was acting in the course and scope of his employment.

9. On July 17, 2011, and at all times relevant herein, Jeremiah Winter was acting under the color of law.

10. On July 17, 2011, and at all times relevant herein, Myron Rodriguez was acting under the color of law.

11. Prior to July 17, 2011, Plaintiff had been an auxiliary Sergeant in the New York City Police Department.

12. Prior to July 17, 2011, Plaintiff had worked with one or more of the defendants, who bore a personal animosity towards the Plaintiff.

13. On July 17, 2011, Plaintiff was attending a party at 6655 60th Place, Ridgewood NY.

14. On July 17, 2011 at about 1:00 a.m., Plaintiff left the aforesaid party and observed that his car keys were missing and that his car had been stolen.

15. Plaintiff observed the Defendants driving by, who stopped and Plaintiff reported to them that his vehicle had been stolen.

16. Defendant Winters without cause or justification, assaulted, battered and subjected Plaintiff to unwarranted, excessive and unreasonable force and arrested Plaintiff.

17. Solely by reason of the foregoing, Plaintiff was caused to sustain personal injuries and Plaintiff's muscles, skin, blood vessels, bones and internal workings thereof were severely injured and Plaintiff sustained serious injuries to his head, chest, arms, back and body, the full extent of which is not yet known, including a fractured sternum, he has in the past required and will in the future require medical treatment, care and attention, he has in the past and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish for his injuries and has suffered mental injuries and illnesses as a result of the occurrence; and he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; he has in the past and will in the future suffer loss of income, and has and will incur other pecuniary losses.

18. Defendant Rodriguez was present and observed Winters perform the aforesaid acts and failed to intervene.

19. Defendants jointly arrested Plaintiff and charged him with Driving While Intoxicated in violation of V.T.L. 1192(3), Reckless Driving in violation of V.T.L. 1212, Resisting Arrest, in violation of Penal Law 205.30, and leaving the scene of an accident with personal injuries in violation of V.T.L. § 600.2A.

20. On July 17, 2011 Plaintiff had not driven his vehicle while in an intoxicated condition, had not operated his vehicle in a reckless manner, had not been involved in any accident and did not resist arrest.

21. At all times relevant herein, there was no probable cause to believe that Plaintiff had Driven a vehicle While Intoxicated in violation of V.T.L. 1192(3), had engaged in Reckless Driving in violation of V.T.L. 1212, Had Resisted Arrest, in violation of Penal Law 205.30, or had left the scene of an accident with personal injuries in violation of V.T.L. § 600.2A.

22. Defendant Rodriguez was present and observed Winters arrest Plaintiff for the aforesaid acts, all without probable cause and failed to intervene.

22. On or about July 17, 2011, Jeremiah Winter, prepared and signed an accusatory instrument which charged Plaintiff with Driving a Vehicle While Intoxicated in violation of V.T.L. 1192(3), had engaged in Reckless Driving in violation of V.T.L. 1212, Had Resisted Arrest, in violation of Penal Law 205.30, or had left the scene of an accident with personal injuries in violation of V.T.L. § 600.2A.

23. Jeremiah Winter knowingly and intentionally provided knowingly false information in the aforesaid accusatory instrument and failed to make a full and complete statements of the facts and further knowingly provided false information to the District Attorney's office and failed to make a full and complete statements of the facts to the District Attorney's office.

24. Upon information and belief, Myron Rodriguez knowingly provided false information to the District Attorney's office, provided a fabricated account of the events, and failed to make a full and complete statements of the facts to the District Attorney's office.

25. Myron Rodriguez at all times relevant herein observed Jeremiah Winter provide the aforementioned false information and failed to intervene or make a full and complete statement of the facts.

26. The Defendants acted in concert to fabricate evidence against the Plaintiff to create documents containing a false and contrived versions of the events.

27. By and through the foregoing, Defendants initiated and continued prosecution against the Plaintiff for the aforesaid charges.

28. Defendants arrested the Plaintiff and initiated and continued the aforesaid prosecution against him to cover up their own wrongdoing in assaulting the Plaintiff.

29. The Defendants initiated and continued the aforesaid prosecution even though at all times relevant there was no probable cause to believe that the prosecution could succeed.

30. The aforesaid prosecution was initiated and continued by the Defendants with malice.

31. All of the aforesaid charges were dismissed and were terminated in Plaintiff's favor.

32. By and through the foregoing, Plaintiff was falsely arrested and maliciously prosecuted by the Defendants.

33. Solely by reason of the foregoing, excessive force, unlawful seizure, false arrest and malicious prosecution Plaintiff was proximately caused to sustain personal injuries, caused to be deprived of his liberty, caused to incur the bills for medical treatment, caused to incur legal bills, caused to be subjected to restrictions on his freedom and otherwise deprived of his civil rights and liberties under the under the Fourth, Fifth, Eight, Ninth and Fourteenth amendments under the United States Constitution, as well as rights under the New York State Constitution.

34. Defendants are jointly and severally liable for the damages caused to Plaintiff.

## SECOND CAUSE OF ACTION - MONNEL CLAIM

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

36. At all times relevant herein, the City of New York had a policy and/or custom to overlook civil rights abuses by its officers and the procedures used for hiring, supervising, disciplining and training the officers was so deficient that it was likely to cause a violation of civil rights.

37. By and through the foregoing actions of the defendants and the policies of the municipality(ies), Plaintiff was falsely arrested, subjected to excessive and unreasonable force and maliciously prosecuted.

38. The aforementioned policies and customs, proximately caused Plaintiff to be falsely arrested, subjected to excessive force, maliciously prosecuted, and caused Plaintiff to suffer violations of his civil and constitutional rights and liberties and the damages complained of herein.

39. Solely by reason of the foregoing, Plaintiff was caused to sustain personal injuries, caused to be deprived of his liberty, caused to incur the bills for medical treatment, caused to be subjected to restrictions on his freedom and otherwise deprived of his civil rights and liberties under the under the Fourth, Fifth, Eight, Ninth and Fourteenth amendments under the United States Constitution, as well as rights under the New York State Constitution.

40. Defendants are jointly and severally liable for the damages caused to Plaintiff.

### THIRD CAUSE OF ACTION

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

42. The foregoing events constitute violations of plaintiff's statutory and constitutional rights, thereby entitling him to attorneys fees, costs and disbursements as permitted by 28 U.S.C.

§ 1988.

## FOURTH CAUSE OF ACTION

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

44. On the aforesaid, date, time and place, Plaintiff was assaulted, harassed, and battered by the Defendants.

45. On the aforesaid date, time and place, Plaintiff was falsely arrested and maliciously prosecuted by Defendants.

46. The City of New York is vicariously liable for the acts of Winter and Rodriguez under New York State Law.

47. By and through the foregoing assault, battery, false arrest and malicious prosecution of the Plaintiff by the Defendants, Plaintiff was caused to sustain the injuries and damages complained of herein.

48. Upon information and belief, Within ninety days after the occurrence complained of herein, plaintiff served a verified notice of claim upon the City of New York, based on the facts contained herein; more than 30 days have elapsed since the service of such notice and the City of New York has failed, neglected and refused to make adjustment or payment thereof; and, this action has been commenced within one year and ninety days after the happening of the events upon which these claims are based.

WHEREFORE, plaintiff requests judgment against defendants the in an amount to be determined by the jury, for compensatory and punitive damages and attorneys fees together with costs and disbursements, including interest on the judgment commencing from the date of injury.

Dated: White Plains, N.Y.
August 17, 2012

Yours etc.,

LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

BY: _____
Michael H. Joseph, Esq. (MJ8838)
203 East Post Road
White Plains, New York 10601
Tel: (914) 574 8330
Fax: (914) 358-5379